# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MOUSTAPHA BAYO, | : | CIVIL ACTION NO. |
| Hall County ID # 371711, | : | 2:11-CV-00286-RWS-SSC |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIE JOE SCRIPTURE, d/b/a | : | PRISONER CIVIL ACTION |
| Southern Restaurant Mgmt., | : | 42 U.S.C. § 1983 |
|     Defendant. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Hall County Detention Center in Gainesville, Georgia, has submitted a motion to recover his last paycheck from Defendant, which the Clerk has docketed as this 42 U.S.C. § 1983 civil action. The matter is now before the court for an initial screening. Plaintiff has neither paid the $350 filing fee nor submitted an affidavit seeking leave to proceed *in forma pauperis*. For the purpose of dismissal only, leave to proceed *in forma pauperis* is **GRANTED**.

## I.  The Legal Framework

### A.  28 U.S.C. § 1915(e)(2) Review

A federal court "shall dismiss" an *in forma pauperis* action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories

are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). When the actions of a private party are at issue, the Eleventh Circuit employs three distinct tests for the purpose of determining whether those actions may be attributed to the state:

> [T]he three primary tests the Supreme Court has used to determine whether state action exists [are as follows]: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action

2

> test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quotations omitted); see also Harvey, 949 F.2d at 1133 (noting that private actor may be § 1983 state actor under nexus/joint action test as "a willful participant in joint action with the State or its agents," but "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons").

**II. Discussion**

Plaintiff alleges that he is a former general manager of one of Defendant's restaurants and that Defendant, when he fired Plaintiff in May 2010, failed to give Plaintiff his final paycheck. (Doc. 1, Compl. at 1). Plaintiff alleges that Defendant still refuses to do so. (Id.). Plaintiff alleges that a special condition of his probation is to avoid contact with Defendant by any means and, therefore, asks this Court to help him recover his last paycheck. (Id.).

However, there is no indication that Defendant, a private restaurant owner, qualifies as a state actor under any of the three tests used in this Circuit or that his alleged failure to give Plaintiff his final paycheck is a violation of a right or privilege secured by the Constitution or laws of the United States. See Johnson, 598 F.3d at 737. Therefore, Plaintiff's complaint fails as a § 1983 cause of action.

3

Moreover, there also is no indication that, in the alternative, this Court has federal diversity jurisdiction over what appears to be a simple contract dispute between the parties, for which the jurisdictional prerequisites—complete diversity of the parties and an amount in controversy greater than $75,000—have not been met. See 28 U.S.C. § 1332.

## III. Conclusion

Accordingly, the undersigned finds that Plaintiff's complaint fails to state a claim on which relief may be granted, and **RECOMMENDS** that it be **DISMISSED**. See 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED**, this 7th day of November, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)